**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Earnest Lee Pittman, Jr.,                          Case No. 26-cv-2151 (MJD/DTS)

      Petitioner,

v.                                                 **REPORT AND RECOMMENDATION**

Federal Bureau of Prisons, et al.,

      Respondents.

Before the Court are Petitioner Earnest Lee Pittman, Jr.'s petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. No. 1 (Petition)) and his Application to Proceed *In Forma Pauperis* (Dkt. No. 2 (IFP Application)). For the following reasons, the Court recommends denying the Petition, dismissing this action, and denying the IFP Application as moot.

## BACKGROUND

In December 2021, U.S. District Judge Robert D. Mariani (of the U.S. District Court for the Middle District of Pennsylvania) sentenced Pittman to 120 months' imprisonment. (*See* Pet. 6; J. in a Criminal Case, *United States v. Pittman*, No. 20-cr-0213 (RDM) (M.D. Pa. Dec. 15, 2021).) The BOP has housed Pittman at several institutions; he is now at the Federal Medical Center—Rochester. (*See, e.g.*, Pet. 6.)

Pittman's Petition arises from the First Step Act of 2018 (FSA),[1] which directed the BOP to develop a system to assess each prisoner's recidivism risk and programmatic

---

[1] Pub. L. No. 115-391, 132 Stat. 5194 (codified as amended in scattered sections of 18 and 21 U.S.C.).

needs and to award "time credits" to prisoners who successfully participate in approved recidivism-reduction programming and productive activities. *See* 18 U.S.C. §§ 3621(h), 3632(d). The Petition alleges that Pittman is eligible to earn so-called earned-time credits (ETCs) under the FSA and that, as of the BOP's last calculations, Pittman had earned 795 ETCs. (*See, e.g.*, Pet. 6–7.)

According to Pittman, on September 25, 2025, his "Unit Team" recommended him for 180 days (six months) of home confinement under the Second Chance Act of 2007.[2] Under the BOP's "best case" calculation, Pittman had a "Conditional Transition to Community" date of June 18, 2026, and a separate "FSA Conditional Placement" date of December 15, 2026. (*See id.* at 7; Dkt. No. 1-2 at 30.) The U.S. Probation Office inspected and approved Pittman's proposed release residence (his mother's home in Pennington Gap, Virginia) in October 2025. (*See* Pet. 7.)

Pittman alleges that on February 23, 2026, authorities told him his home-confinement placement would not occur on June 18, 2026, because the Residential Reentry Management (RRM) office in Raleigh, North Carolina, had determined he was "not deemed [m]edically appropriate for home [c]onfinement"; instead, his referral would be submitted closer to the placement date of December 15, 2026. (Pet. 8; Dkt. No. 1-2 at 15, 35.) Pittman challenges this medical-appropriateness rationale. (*See, e.g.*, Pet. 8.)

The Petition raises two legal claims. First, Pittman argues that 18 U.S.C. § 3632(d)(4)(C) imposes a mandatory, nondiscretionary duty on the BOP to transfer an eligible prisoner to prerelease custody, and that the BOP's failure to do so violates federal

---

[2] Pub. L. No. 110-199, 122 Stat. 657 (codified as amended in scattered sections of 18, 34, and 42 U.S.C.).

law.  (*See id.* at 13–16.) Second, he argues that this Court has jurisdiction to review that claim, relying mainly on *Trump v. J.G.G.*, 604 U.S. 670 (2025). (*See id.* at 9–13.) For relief, Pittman seeks an order directing the BOP to transfer him to home confinement on June 18, 2026. (*See id.* at 1, 8, 26.[3])

## ANALYSIS

A federal court may grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A writ under § 2241 is available to a federal prisoner who challenges the execution of his sentence as opposed to its validity. *See, e.g.*, *Matheny v. Morrison*, 307 F.3d 709, 711–12 (8th Cir. 2002); *Rosales v. Segal*, No. 24-cv-3138, 2025 WL 2109458, at *2 (D. Minn. June 2, 2025) (citing Matheny), *report and recommendation adopted*, 2025 WL 2108914 (D. Minn. July 28, 2025). Habeas's core, though, is a challenge to the "fact or duration" of confinement, where the prisoner seeks "immediate release or a speedier release from . . . confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 498, 500 (1973); *see also, e.g.*, *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993) (citing *Preiser*). The Petition presents a threshold issue: whether Pittman's challenge to the BOP's refusal to transfer him to home confinement on a particular date falls within habeas's core—a question bearing on this Court's jurisdiction.[4]

---

[3] The Petition originally sought to seal all proceedings in this case. (*See* Pet. 25–26.) On April 16, 2026, Pittman filed a notice withdrawing that request. (*See* Dkt. No. 4 at 1.) The Court therefore disregards that portion of the Petition.

[4] Whether Pittman has fully exhausted his administrative remedies is a live question on this record.  (*See, e.g.*, Pet. 19–23; Dkt. Nos. 1-2, 7.) But the Court need not resolve it. The exhaustion requirement for relief under 28 U.S.C. § 2241 is judicially created, not statutory, and therefore not jurisdictional. *See, e.g.*, *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007). Given the imminence of Pittman's projected prerelease date and the

Pittman does not claim that the BOP miscalculated his sentence, denied him ETCs, or otherwise extended his total confinement. He instead seeks to serve part of that term in a different location (his mother's home) starting on June 18, 2026. (*See* Pet. 7, 24–25.) That is a challenge to the place of his confinement, not to its fact or duration.

The Eighth Circuit has established that such claims are not cognizable in habeas. In *Kruger v. Erickson*, the court explained that if a prisoner "is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). In *Spencer v. Haynes*, the court reaffirmed that a prisoner must pursue "conditions-of-confinement claims" in a civil action rather than through a habeas petition. 774 F.3d 467, 469–71 (8th Cir. 2014). Where a prisoner will serve his sentence (e.g., in a secure facility, a residential-reentry center, or home confinement) is a quintessential condition of confinement. Courts in this District have therefore repeatedly held that they lack jurisdiction under § 2241 to review FSA challenges to the timing and location of a prisoner's transfer to prerelease custody. *See, e.g.*, *Redifer v. Vaught*, No. 25-cv-0933, 2025 WL 4228398, at *5 (D. Minn. Dec. 30, 2025) (citing cases), *report and recommendation adopted*, 2026 WL 383879 (D. Minn. Feb. 10, 2026); *Cottman v. Fikes*, No. 21-cv-2393, 2023 WL 2482878, at *3 (D. Minn. Feb. 21, 2023) (same), *report and recommendation adopted*, 2023 WL 2482879 (D. Minn. Mar. 13, 2023).

Pittman raises two arguments against this conclusion, but neither succeeds. His first argument (*see* Pet. 9–13) is that the U.S. Supreme Court's decision in *Trump v. J.G.G.* overrides the Eighth Circuit's place-of-confinement precedent. 604 U.S. 670

---

dispute's legal character, the Court excuses any failure to exhaust and proceeds to the merits.

(2025) (per curiam). He relies in particular (*see* Pet. 11) on Justice Kavanaugh's obser-vation (in a concurrence) that, historically, "habeas corpus has been the proper vehicle for detainees to bring claims seeking to bar their transfers." *J.G.G.*, 604 U.S. at 674 (Kavanaugh, J., concurring).

Read in its full context, though, *J.G.G.* does not help Pittman. That case involved a federal attempt to remove Venezuelan nationals to a foreign prison under the Alien Enemies Act. *See id.* at 671. The Court held that such challenges "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas," and that under earlier caselaw, venue lies in the district of confinement. *Id.* at 672–73 (citing cases). The Court reasoned that the detainees' claims "'necessarily impl[ied] the invalidity' of their confine-ment and removal"—the paradigmatic core-habeas posture. *Id.* at 672 (citing *Nance v. Ward*, 597 U.S. 159, 167 (2022)).

*J.G.G.* thus stands for the proposition that a challenge to forcible removal from the United States to a foreign prison is a core habeas claim requiring § 2241. It does not hold that an internal BOP decision about where a prisoner will serve the (undisputed) rest of his sentence is a core habeas claim. As other courts in this District have concluded, the two situations are not analogous: the *J.G.G.* petitioners contested the very lawfulness of their confinement and the Government's authority to hold and expel them; Pittman, by contrast, concedes his confinement's lawfulness and duration and seeks only a preferred location. *See Osorio-Calderon v. Sandstone*, No. 25-cv-0398, 2025 WL 2688917, at *3–4 (D. Minn. Sept. 19, 2025); *see also, e.g.*, *Harper v. Warden, Fed. Prison Camp Duluth*, No. 26-cv-0240, 2026 WL 716902, at *1 n.1 (D. Minn. Feb. 13, 2026) (citing *Osorio-Calderon*), *report and recommendation adopted*, 2026 WL 715722 (D. Minn. Mar. 13, 2026).

Nothing in *J.G.G.* purports to overrule *Spencer* or *Kruger*, disturb the fact-or-duration framework of *Preiser*, or convert every transfer dispute into a core habeas claim. The Court therefore concludes that *J.G.G.* has no bearing here.[5]

Pittman's second argument is that courts retain jurisdiction to review habeas claims alleging that the BOP violated federal law by failing to perform a nondiscretionary, mandated transfer. (*See* Pet. 12–17.) And to be sure, as Pittman points out (*see id.* at 25), the Eighth Circuit has entertained habeas challenges to BOP actions that allegedly violated a federal statute. *See, e.g.*, *Fults v. Sanders*, 442 F.3d 1088, 1090–92 (8th Cir. 2006) (granting habeas relief where categorical BOP regulation conflicted with statutory text of 18 U.S.C. § 3621(b)); *Elwood v. Jeter*, 386 F.3d 842, 846–47 (8th Cir. 2004) (reflecting similar situation). And perhaps where a statute commands that the BOP "shall" act and leaves it no discretion, a refusal to act might present a reviewable question of law.

But even assuming jurisdiction, Pittman's theory would fail on the merits: the statutes he relies on do not impose the unqualified, nondiscretionary duty he suggests.

Under the First Step Act, ETCs "shall be applied toward time in prerelease custody or supervised release," and "[t]he Director of the Bureau of Prisons shall transfer *eligible prisoners, as determined under [§] 3624(g)*, into prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C) (emphasis added). Despite the use of "shall," the duty

---

[5] Pittman also relies on a Report and Recommendation issued in this District, *Garcia v. Eischen*, No. 24-cv-4106 (D. Minn. Mar. 25, 2025), which found jurisdiction over an FSA mandatory-transfer claim. Respectfully, a magistrate judge's recommendation is not binding precedent, and the district judge in *Garcia* later dismissed the action for lack of jurisdiction. *See Garcia v. Eischen*, No. 24-cv-4106, 2025 WL 1476567, at *2–4 (D. Minn. May 22, 2025).

to "transfer" applies only to "eligible prisoners, as determined under [§] 3624(g)." Section 3624(g) conditions prerelease eligibility on individualized determinations (e.g., a prisoner's recidivism-risk level), and the Second Chance Act directs the BOP to place a prisoner in home confinement only "to the extent practicable" and for no longer than "the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2); *see also id.* § 3624(g)(1)–(2). The transfer duty thus arises only once the BOP determines that a prisoner is eligible under § 3624(g)—a determination entrusted to the agency.

The upshot is that accepting Pittman's argument would require the Court to essentially excise the phrase "as determined under section 3624(g)" from § 3632(d)(4)(C) and disregard the discretionary, "to the extent practicable" framework of § 3624(c). This Court declines to do so.[6] Pittman's allegations about his suitability for home placement (*see* Pet. 3–5) may cast doubt on the wisdom or accuracy of the BOP's medical-appropriateness determination. But that showing goes to the merits of an exercise of agency discretion that the FSA commits to the BOP, not to the existence of a nondiscretionary duty potentially enforceable in habeas. *Cf.* 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment . . . .  Notwithstanding any other provision of law,

---

[6] Pittman points here (*see* Pet. 18–19) to *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), but that case does not change the analysis. Under *Loper Bright*, courts are to "exercise their independent judgment" in construing statutes rather than simply deferring to agency interpretations. *Id.* at 412–13. But it does not transform a statute that commits eligibility determinations to the BOP into one that strips the agency of that role. Exercising the independent judgment *Loper Bright* demands, the Court concludes that the best reading of §§ 3624(g) and 3632(d)(4)(C) is that the BOP retains discretion over the individualized eligibility and appropriateness determinations that precede any (potentially) mandatory transfer.

a designation of a place of imprisonment under this subsection is not reviewable by any court.").

Accordingly, even assuming Pittman's mandatory-transfer claim were cognizable in habeas, the Court rejects it.

The Court therefore recommends denying the Petition. Given this recommendation, the Court also recommends denying the IFP Application (and Pittman's pending motions at Dkt. Nos. 4 and 7) as moot.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**THE COURT HEREBY RECOMMENDS:**

1. Petitioner Earnest Lee Pittman, Jr's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. No. 1) be **DENIED**.

2. This action be **DISMISSED**.

3. Pittman's Application to Proceed *In Forma Pauperis*, Dkt. No. 2, and his pending motions at Dkt. Nos. 4 and 7, be **DENIED** as moot.

Dated: May 26, 2026              s/ David T. Schultz_____
                                 DAVID T. SCHULTZ
                                 United States Magistrate Judge